## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBY MURRAY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil No. 21-1113** |
| | ) | |
| **CAPITAL ONE, N.A.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION and ORDER

Plaintiff Ruby Murray, proceeding pro se, filed a Complaint, with supporting Exhibits, against Defendant Capital One, N.A.  ECF No. 1 (Complaint) & ECF No. 10 (Exhibits). Presently before the Court is Capital One's Motion to Dismiss.  ECF No. 13.  Plaintiff's Response to the Motion to Dismiss was due by November 4, 2021.  On October 25, 2021, Plaintiff filed an "Order for Declaratory Judgment" and a "Consumer Bill of Particulars – Affidavit of Truth-Supports Order."  ECF No. 17.  Capital One filed its Reply on November 10, 2021, and therefore the Motion is ripe for resolution.  ECF No. 18.  For the reasons that follow, the Motion to Dismiss will be granted and this action will be dismissed with prejudice.

### I.     Factual Background

In the first paragraph of the Complaint, Plaintiff alleges that Capital One committed fraud, violated the Truth in Lending Act, violated the Fair Credit Reporting Act (FCRA), and violated the Fair Debt Collection Practices Act (FDCPA).  Compl. ¶ 1.  The claims arise out of Plaintiff's July 31, 2020 consumer credit transaction for the purchase of an automobile "supposedly through Carvana.  Compl. ¶ 5.  On January 30, 2021, Plaintiff asked Carvana to validate the "alleged debt."  Compl. ¶ 5.  In response, Carvana informed Plaintiff that financing was provided through Capital One, N.A.  Compl. ¶ 5.

In the first cause of action, entitled "Fraud," Plaintiff explains that on February 16, 2021, she requested that Capital One validate the "alleged debt" and submitted a complaint to the Consumer Financial Protection Bureau (CPFB). Compl. ¶ 6. Plaintiff subsequently filed additional complaints with the CPFB against Capital One. Compl. ¶¶ 7-9. Plaintiff's complaints to the CPFB alleged various violations of the FDCPA. Compl. ¶¶ 5,6, 8. In this Complaint, Plaintiff alleges that Capital One violated the FDCPA. Compl. ¶¶ 5-17.

Plaintiff's second cause of action, also entitled "Fraud," is a single paragraph alleging that Capital One approved a specific extension of credit for Plaintiff, and then apparently reported the extension of credit to Credit Reporting Agencies. Compl. ¶ 18. Plaintiff alleges that this violated her right to privacy asserting that authorization or approval of credit is not supposed to be reported to Credit Reporting Agencies. Compl. ¶ 18.

The third "Fraud" cause of action begins with the allegation that "there is no evidence to show plaintiff . . . owes any alleged debt." Compl. ¶ 19. Plaintiff alleges that Capital One is a debt collector who used a false contract, arising out of the consumer credit transaction with Carvana, to induce Plaintiff to pay money to Capital One. Compl. ¶ 20. On March 27, 2021, Plaintiff informed Capital One that she refused to pay the debt and invoked specific remedies (apparently under the FDCPA). Compl. ¶ 22. Plaintiff further alleges various violation of the FDCPA. Compl. ¶¶ 23-25, 27-28, 30. Finally, Plaintiff alleges that the agreement creating the debt is a "false agreement" as it is between Capital One and "the legal person; organization . . . created by the United States Corporation . . . which [legal person] is not the plaintiff." Compl. ¶ 34.

2

## II.     Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."  Eid v. Thompson, 740 F.3d 118, 122 (3d Cir.

2014) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court clarified

that this plausibility standard should not be conflated with a higher probability standard.  Iqbal,

556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Thompson v. Real

Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).  "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S.

at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555.

A court need not credit bald assertions, unwarranted inferences, or legal conclusions cast

in the form of factual averments.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d

Cir. 1997).  The primary question in deciding a motion to dismiss is not whether the plaintiff will

ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts

alleged in the complaint.  Maio v. Aetna, 221 F.3d 472, 482 (3d Cir. 2000).  The purpose of a

motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted).  Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" <u>M.U. v. Downingtown High Sch. E.</u>, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting <u>Great W. Mining</u>, 615 F.3d at 175).

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  <u>Boag v. MacDougall</u>, 454 U.S. 364  (1982).

## III.   Discussion

Capital One moves to dismiss the Complaint with prejudice arguing that the Complaint does not comply with Federal Rule of Civil Procedure 8(a), the Fraud claims are insufficiently plead and thus contrary to Federal Rule of Civil Procedure 9(b), and that all claims fail to state a claim as a matter of law.  Before discussing Capital One's arguments, the Court addresses Plaintiff's failure to respond to Capital One's Motion to Dismiss.  Plaintiff's Response was due by November 4, 2021.  While Plaintiff timely filed an "Order for Declaratory Judgment" and a

4

"Consumer Bill of Particulars – Affidavit of Truth-Supports Order" prior to November 4, 2021, such documents fail to address any of Capital One's arguments for dismissal and have little to no connection to the Complaint.  In addition, Plaintiff did not indicate that such documents were intended as a Response to the Motion to Dismiss.  After Capital One filed its Reply, Plaintiff filed documents entitled, "Affidavit of Security Agreement," Consumer Goods Transaction Affidavit," and "Official Certificate of Birth" (ECF No. 19)' "Bill of Exchange Supporting Order Affidavit" (ECF No. 20); and "C.O.D. Contract" (ECF No. 21).  None of the subsequent filings address the Motion to Dismiss and, like Plaintiff's prior filings, contain disjointed and difficult to decipher assertions.  All such filings appear to be a bare demand that Capital One provide Plaintiff with monetary and other relief without any valid legal basis.  Plaintiff has therefore failed to substantively respond to the arguments in Capital One's Motion to Dismiss.  "[U]nless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed, the United States Court of Appeals prefers "an assessment of the complaint on its merits" before dismissal.  Xenos v. Hawbecker, 441 F. App'x 128, 131 (3d Cir. 2011); see also Shuey v. Schwab, 350 F. App'x 630 (3d Cir. 2009).  Accordingly, an evaluation of Plaintiff's claims follows.

### A.    Rule 8(a)

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Fed.R.Civ.P. 8(a)(1), (2), and (3).  A complaint that contains no discernible facts or narrative explaining the events giving rise to the complaint, fails to comply with Rule 8 and is properly dismissed.  Roy v. Supreme Court of United States of

5

America., 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8).

The Complaint here contains numerous irrelevant and inaccurate assertions, is lacking in substantive factual allegations, and is difficult to decipher.  However, in light of the liberal pleading standard afforded to pro se litigants, the Court is hesitant to dismiss the Complaint for failure to comply with Rule 8(a).  As shown by the Court's recitation of the alleged claims, the Complaint does provide a discernible narrative.  Plaintiff purchased an automobile from Carvana.  The purchase was financed by Capital One.  Plaintiff was unaware of Capital One's involvement in the transaction until approximately six months after the transaction.  Thereafter, Plaintiff engaged with Capital One regarding the "alleged debt" out of which Plaintiff was harmed.  In plain terms, Plaintiff alleges that Capital One is fraudulently attempting to collect money while also committing fraud in relation to Plaintiff's credit worthiness.  Thus, the Complaint arguably passes "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557.  Thus, the Complaint will not be dismissed for failure to comply with Rule 8(a).  Plaintiff's Motion to Dismiss the Complaint for failure to comply with Rule 8(a) is DENIED.

**B.      Rule 9(b)**

The Court agrees with Capital One that Plaintiff's fraud claims are not alleged with particularity in violation of Rule 9(b).  Rule 9(b) provides:

> (**b) Fraud or Mistake; Conditions of Mind**. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. Proc. 9(b).  To state  a claim for fraud, Plaintiff must plead, with particularity, "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  Weissberger v. Myers, 90 A.3d 730, 735 (Pa. Super. 2014).  The facts of the Complaint, read in a light most favorable to Plaintiff, appear to consist of Plaintiff's dissatisfaction with the fact that Plaintiff is required to make payments under the financing agreement for the automobile purchased from Carvana.  Plaintiff's allegations to support claims of fraud consist of bare allegations that Plaintiff does not owe the "alleged debt" and that Capital One reports Plaintiff's non-payment to Credit Reporting Agencies.  Plaintiff has not identified a false material representation made by Capital One, that was made with the intent of misleading the Plaintiff to rely on the misrepresentation.  Nor has Plaintiff alleged that she relied on any such statement or that such reliance proximately caused her injury.  Accordingly, Capital One's Motion to Dismiss Plaintiff's fraud claims for failure to comply with Rule 9(b) is GRANTED.

### C.    Failure to State a Claim

Plaintiff fails to state any viable claim upon which relief can be granted.  A majority of Plaintiff's statutory references are to 15 U.S.C. § 1602, which is simply the statutory provision that contains definitions and rules of construction to be used within the subchapter titled, "Consumer Credit Protection."  Similarly, Plaintiff purports to base a cause of action on 15 U.S.C. § 1681a, which is also a statutory provision providing definitions and rules of construction for the subchapter titled, "Credit Reporting Agencies."  Plaintiff also purports to allege that Capital One violated 15 U.S.C. § 1681a, but that section is also a definitions provision

applicable to the Subchapter titled, "Debt Collection Practices." Finally, Plaintiff appears to claim that Capital One violated Sections 1602, 1692a, and 1681s-2(a) of Title 15. However, none of these provisions provide for a cause of action. Therefore, Plaintiff's claims are deficient to the extent they are based on alleging that Capital One violated the above statutory provisions.

Plaintiff's Truth in Lending Act claim must be dismissed because it was not brought within the applicable statute of limitations. An action alleging a violation of the Act must be brought within one year of the date of violation. 15 U.S.C. § 1640(e). The alleged violation would have occurred on July 31, 2020, the date Plaintiff entered into the financing transaction. The instant Complaint was filed on August 23, 2021, more than one year after the alleged violation. Thus, the claim is time-barred. The claim also fails as a matter of law. Plaintiff does not identify how Capital One violated the Truth in Lending Act. Plaintiff also does not identify the disclosures that Capital One allegedly failed to make. Fatal to Plaintiff's claim, however, is the Exhibit attached to her Complaint demonstrating that at the time of the financing transaction on July 31, 2020, Carvana in fact made the required Truth in Lending Act disclosures. Plaintiff's Truth in Lending Act claim will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's FCRA claim fails as a matter of law to the extent Plaintiff alleges that Capital One violated 15 U.S.C. § 1681s-2(a). There is no private cause of action for alleged violations of Section 1681s-2(a). Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011). Plaintiff's FCRA claim will be dismissed for failure to state a claim upon which relief can be granted.

Finally, Plaintiff's FDCPA claim also fails to state a claim upon which relief can be granted. The allegations of the Complaint and attached exhibits demonstrate that Capital One is

8

not a debt collector; it is a creditor and owner of Plaintiff's debt.  Capital One's responses to

Plaintiff's complaints to the CPFB cannot be considered a violation of the FDCPA in any

manner as such are not attempts to collect a debt.  Moreover, Plaintiff's mischaracterization of

Capital One's responses to Plaintiff's CFPB complaints as "obscene" and "harassing" are

objectively untrue.  Plaintiff's Fair Debt Collections Protection Act claim will be dismissed for

failure to state a claim upon which relief can be granted.

     Capital One's Motion to Dismiss all of Plaintiff's claims is GRANTED, as all claims fail

to state a claim upon which relief can be granted.

### C.    Leave to Amend

     Finally, the Court must consider whether to grant leave to amend the complaint before

dismissal.  Grayson, 293 F.3d at 108.  "[L]eave must be granted in the absence of undue delay,

bad faith, dilatory motive, unfair prejudice, or futility of amendment."  Id.  Here, it would be

futile to permit amendment.  Plaintiff's fraud claims cannot be cured by amendment because

they are based on a mischaracterization of a financial credit transaction as an "alleged debt."

Additionally, the fraud claims cannot be cured by amendment because Plaintiff failed to allege a

false representation and her Complaint and Exhibits provide no basis to conclude that Plaintiff is

able to allege that Capital One asserted a false representation.  Moreover, based on the

allegations provided by Plaintiff and the attached Exhibits and other filings there is no cause of

action that can successfully be alleged against Capital One.  The gist of the Complaint is simply

Plaintiff's unhappiness with the debt she entered into in order to purchase an automobile.  While

the Court independently determines that amendment would be futile, the Plaintiff, by failing to

respond to the Motion to Dismiss, has also not proffered any basis upon which the Court could

conclude that amendment would cure the defects of the Complaint.  Furthermore, amendment is

9

not warranted because the Plaintiff also appears to be acting in bad faith and pursuing a dilatory

motive through the filing of multiple repetitive pleadings containing patently faulty legal

arguments with no apparent valid connection to the lawsuit.  Id.

Accordingly, the following order is hereby entered.

## **ORDER**

AND NOW, this 7th day of December 2021, for the reasons explained above, Defendant

Capital One, N.A.'s Motion to Dismiss (ECF No. 13) is DENIED for failure to comply with Rule

8(a).  The Motion to Dismiss (ECF No. 13) is GRANTED in all other respects.  Plaintiff's fraud

claims are dismissed for failure to plead fraud with particularity.  All claims are dismissed for

failure to state a claim upon which relief can be granted.  Leave to amend the Complaint is not

permitted as such would be futile, and because Plaintiff appears to be acting in bad faith with a

dilatory motive.

Plaintiff's Complaint is dismissed with prejudice.

The Clerk of the Court is to mark this case CLOSED.


    /s *Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge


cc:    RUBY MURRAY, pro se
       1311 LaBelle Street
       Pittsburgh, PA 15221